UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

HERMAN HERRERA, No. 15-11921 ta7

Debtor.

## **MEMORANDUM OPINION**

Before the Court is the Debtor's motion for voluntary dismissal under 11 U.S.C. § 707(a) (the "Motion").[1] The Trustee objected, and argued that he should be given the opportunity to sell Debtor's house and an adjacent rental house for the benefit of unsecured creditors.[2] After a final hearing on the merits, the Court concludes that Debtor demonstrated sufficient cause for dismissal, so the motion will be granted.

I. FACTS

The Court finds:[3]

Debtor filed his bankruptcy petition on July 17, 2015. Phillip Montoya was assigned as the Trustee.

Debtor owns and lives in a small house at 2311 Tapia Blvd. SW, Albuquerque, NM. The house was given to him by his parents. Debtor listed the house on his bankruptcy schedules at $70,000. An appraisal from 2009 gave a value of $115,000. The house is encumbered by a

---

[1] Unless otherwise indicated, all statutory references are to 11 U.S.C.
[2] The Court heard the Trustee's motion for turnover of real properties at the same time. The Trustee also filed an objection to Debtor's exemptions, which was not argued.
[3] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), affirmed, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

$34,000 line of credit mortgage.

Debtor's brother owned a smaller house next door, at 2307 Tapia Blvd SW. Because his brother did not pay property taxes, in about 2001 the house was scheduled for tax sale. Debtor bought the house from the brother by paying the taxes (about $2,000), but told his brother that he would give back the house if the brother repaid the $2,000. The brother never did. Debtor scheduled the 2307 Tapia house at $30,000.[4] It is unencumbered.

Debtor scheduled approximately $20,000 in general unsecured claims.[5] The nine proofs of claim filed in the case were from seven credit card issuers and their assignees. The proofs of claim total $14,432.25. The record indicates that Debtor was current with all his creditors, secured and unsecured, before he filed bankruptcy.

Debtor is unable to work and receives $550 per month in Social Security disability payments. His income is supplemented by $800 per month from renting the 2307 Tapia house. Debtor relies on the rental income to pay his living expenses.

Based on his demeanor and testimony, the Court finds that Debtor has significant cognitive disabilities, which prevented him from understanding the nature and effect of filing this bankruptcy case.

Debtor's friends advised him to file bankruptcy. It was their view that bankruptcy would be a good idea. Debtor, thinking the advice was sound, sought out bankruptcy petition preparers Samuel Post and Jessica Patricio to help him with his schedules. It is clear Debtor did not understand what could happen to his non-exempt assets if he filed bankruptcy. Debtor testified that he relied on Mr. Post to explain basic bankruptcy concepts to him, but it is clear that Debtor

---

[4] Debtor testified that, in his opinion, the 2311 Tapia house may be worth $90k, and the 2307 Tapia house may be worth $70k. He did not state the basis for these opinions.
[5] This does not include Debtor's mortgage, which he scheduled as unsecured.

did not understand any of the explanations given.[6] Debtor did not read his schedules or petition, and it is unclear whether he would have understood them if he had. Debtor also testified that he did not and does not know whether Post is an attorney.

Debtor mistakenly believed that he would be able to keep his house and the rental property. He had no idea that the rental house would certainly have to be turned over to a bankruptcy trustee, nor that his own home could be vulnerable.

Filing a Chapter 7 bankruptcy case clearly was detrimental to Debtor's interests, and any competent attorney would have advised against it. A Chapter 13 case might have been advisable, as would an out-of-court credit card repayment plan, and/or borrowing enough money to pay off his unsecured creditors through his existing line of credit or by securing the loan with the rental property.

On September 1, 2015, less than two months after filing his petition, Debtor obtained an attorney and filed his motion to dismiss. The Trustee is the only objecting party.[7]

II.  DISCUSSION

A.  Voluntary Dismissal for Cause under § 707(a).

Debtor seeks to dismiss this case under § 707(a). Section 707(a) provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause…" Section 707(a) includes a list of nonexclusive examples of cause. A debtor seeking to voluntarily dismiss a case under § 707(a) has the burden to show cause for dismissal. *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000); *Terry v. Sparrow*, 328 B.R. 450, 455 (M.D.N.C. 2005) (debtor has no absolute right to dismiss his case without showing cause); *In re Bartee*, 317 B.R. 362, 366 (9th

---

[6] Debtor also had difficulty understanding the yes or no questions on the Trustee's Questionnaire given to him at the § 341 meeting and was not able to answer the questions accurately.

[7] The Trustee has standing to object to Debtor's motion to dismiss. *See, e.g., Penick v. Tice (In re Penick),* 732 F.2d 1211, 1213-14 (4th Cir. 1984).

Cir. BAP 2004) ("Debtors bear the burden of proving that dismissal would not prejudice their creditors."); *In re Akbarian*, 2013 WL 6710347, at *3 (Bankr. D. Utah) (debtor must show cause to dismiss her case).

A finding of cause is "committed to the sound discretion of the bankruptcy court." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (quoting *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)). It has been described as an "equitable determination." *In re Jabarin¸* 395 B.R. 330, 339-340 (Bankr. E.D. Pa. 2008); *In re Garza*, 2013 WL 3155105, at *3 (Bankr. D. Colo. 2013) (citing *In re Rent-Rite Super Kegs West Ltd.,* 484 B.R. 799, 808 (Bankr. D. Colo. 2012)). *See also In re Smith*, 507 F.3d 64, 73 (7th Cir. 2007) (weighing dismissal motion is "guided by equitable considerations").

Cause "may simply be that dismissal is in the best interest of the debtor and not prejudicial to creditors." 6 Collier on Bankruptcy, ¶ 707.03[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *See also In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. 2005) (to the same effect); *In re Hopper*, 404 B.R. 302, 308 (Bankr. N.D. Ill. 2009) (same, quoting *Aupperle*).

When considering whether "cause" exists to dismiss a case at the debtor's request, the Tenth Circuit Bankruptcy Appellate Panel said:

> Dismissal factors that are often considered are: the best interests of both debtor and creditors; trustee's consent or objection; potential to delay creditor payments; good or bad faith in seeking dismissal; and the possibility of payment priority becoming reordered outside of bankruptcy. Emphasis is typically given to any prejudice that dismissal might cause the estate's creditors. Finally, a debtor's ability to pay debts outside of bankruptcy is not sufficient cause, by itself, to dismiss.

*In re Isho*, 2013 WL 1386208, at *3 (10th Cir. BAP) (unpublished). Other factors include whether an objection to discharge, an objection to exemptions, or a preference claim is pending, *In re Schafroth*, 2012 WL 1884895, at *2 n.8 (Bankr. D.N.M) (citing *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP)); whether any creditors objected to the motion to dismiss, *In re Aupperle*, 353 B.R.

43, 46 (Bankr. D.N.J. 2005); whether any active collection efforts had been undertaken before the filing, *Id.*; and whether there were any pre-petition attempts to hide assets or place assets outside the reach of creditors, *In re Spatz*, 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998).

The factors can be grouped into two general areas: the debtor's motivation in seeking dismissal after invoking the protections of the bankruptcy court; and whether dismissal is contrary or "prejudicial" to creditor interests. *In re Jabarin*, 395 B.R. at 340.

1. <u>Debtor's Motivation to Dismiss</u>. In evaluating a motion to dismiss, courts will closely scrutinize a debtor's motivation for seeking dismissal. A debtor must seek dismissal in good faith without intent to manipulate the court system. *Jabarin*, 395 B.R. at 340 ("Limiting voluntary dismissal to debtors who are acting in good faith simply may be an example of the general principle that courts do not reward anyone who is trying to manipulate the court system."). When debtors file bankruptcy to obtain the benefit of the automatic stay, but later seek dismissal because the burdens of bankruptcy begin to outweigh its benefits, courts likely will deny the motions. *See, e.g., In re Tanguay,* 206 B.R. 575, 577-78 (Bankr. M.D. Fla. 1997) (court denied motion to dismiss, in part because of an implicit finding that debtors' previous Chapter 13 cases were filed "merely in order to impose the automatic stay" and were dismissed "once [debtors were] out of harm's way"); *In re Akbarian*, 2013 WL 6710347, at *4-5 (Bankr. D. Utah) (motion to dismiss denied because of, inter alia, delay in seeking dismissal, questions about pre-petition transfers, and pending adversary proceedings, including one objecting to debtor's discharge); *In re Hickman*, 384 B.R. 832, 841 (9th Cir. BAP 2008) (BAP affirmed bankruptcy court's denial of motion to dismiss, holding that debtor shirked his duty to disclose all assets and financial affairs, and to cooperate with the trustee.).

In contrast, where it is apparent that the debtor seeks dismissal because an innocent mistake

of law or fact, courts are more likely to allow the dismissal.  *See In re McDaniel,* 363 B.R. 239, 244-45 (M.D. Fla. 2007) (bankruptcy court order granting debtor's motion to dismiss affirmed; debtor sought dismissal because she learned that her federal tax debt was not dischargeable); *In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. 2005) (motion to dismiss granted when debtor filed under the mistaken belief that she would be able to keep her home, but it turned out that there was enough equity to expose it to a trustee sale.); *In re Todd*, 2015 WL 5042116 (Bankr. N.D. Ga.) (motion to dismiss granted because the court found that debtor had not authorized his attorney to file the case); *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D. N.Y. 2006) (motion to dismiss granted where debtor did not understand that her personal injury claim would be estate property and controlled by the trustee).  *Cf. In re Hopper*, 404 B.R. 302 (Bankr. N.D. Ill. 2009) (debtor's understanding that she would be able to keep her house was insufficient reason to grant her motion to dismiss).[8]

        2.      <u>Prejudice to Creditors</u>.  While most voluntary dismissal cases ask whether creditors would be "prejudiced" by dismissal, the term has not been well defined.  In some cases the potential prejudice is clear and substantial.  More often, "prejudice" means little more than that creditors would prefer that the debtor stay in bankruptcy.

Courts differ on the extent of prejudice they can tolerate before declining to dismiss a case. The *Jabarin* court identified three standards used:

- any prejudice to creditors is an absolute bar to voluntary dismissal, no matter how compelling the reasons for the debtors' request for voluntary dismissal;

---

[8] A debtor's innocent mistake of law or fact may not be sufficient cause if dismissal would cause significant prejudice to creditors.  *See, e.g., In re Jabarin*, 395 B.R. at 342-43 (mistaken belief that assets transferred pre-petition could not be recovered in bankruptcy was not enough to outweigh the prejudice creditors would suffer if the case were dismissed and the transfers were never recovered); *In re Hall*, 15 B.R. 913, 916-17 (9th Cir. BAP 1981) (debtor's mistake in not perfecting his homestead exemption before filing is insufficient reason to dismiss, where creditors would be prejudiced if debtor were allowed to dismiss, perfect his homestead exemption, and refile).

- a "balancing of interests test" where the court considers whether "dismissal is in the best interest of the debtor and the creditors of the estate", taking account the debtor's interest in a fresh start versus the creditor's concern with delay in pursuing its claim; and
- dismissal is to be "granted freely unless it will cause 'plain legal prejudice' to creditors"

395 B.R. at 337-39 (citing cases). It went on to say, however, that "all of the courts may be employing, at bottom, the same analysis – a factually intensive assessment of the debtor's reasons for requesting dismissal and of the impact dismissal can be expected to have on the creditors." *Id*. at 339. *See also In re Akbarian*, 2013 WL 6710347, *3 (Bankr. D. Utah) ("[t]hese considerations can be incorporated into a test that reviews and balances a number of factors to determine whether dismissal is appropriate."). The *Jabarin* court adopted the "balancing of interests" test.

Some court have observed that creditors "are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims." *In re Schwartz,* 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986); *In re Hull*, 339 B.R. 304, 307 (Bankr. E.D. N.Y. 2006) (citing *Schwartz*); *In re McDaniel*, 363 B.R. 239, 246 (M.D. Fla. 2007) (citing *Hull*); *In re Cherney*, 2015 WL 9312098, at *3 (Bankr. E.D. Wis.) (citing *Hull*).

Courts are in general agreement that a substantial delay between the petition date and the dismissal motion filing date is prejudicial. *See In re Stairs*, 307 B.R. 698, 703 (Bankr. D. Colo. 2004) (Creditors prejudiced by fifteen month delay.); *In re Schwartz*, 58 B.R. at 925 ("Dismissal of a bankruptcy petition that was filed principally to forestall creditors should not be permitted after the delay sought has been achieved."); *In re Luhrs*, 89 F.3d 826, at *1 (2d Cir. 1995) (unpublished) (citing and quoting *Schwartz*). *See also In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) ("[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them.") (quoting *Schwartz*, 58 B.R. at 925).

There also is general agreement that creditors would be prejudiced if estate assets, available to creditors in the bankruptcy case and needed to pay their claims, would become unavailable upon dismissal. *See In re Stephenson*, 262 B.R. 871 (Bankr. W.D. Okla. 2001) (prejudice found where debtor might spend tax refund); *In re Schafroth*, 2012 WL 1884895, at *3 (Bankr. D.N.M.) (prejudice found where money in a Swiss bank account would become unavailable to creditors if the case were dismissed); *In re Leach*, 130 B.R. 855, 857 (9th Cir. BAP 1991) (dismissal would prejudice creditors because then debtor could claim a homestead exemption, something he had not done before filing bankruptcy); *In re Akbarian*, 2013 WL 6710347, at *3 (loss of potential judgment setting aside fraudulent transfer).

B. <u>The Factors Weigh in Favor of Dismissal</u>.

The Court analyzes the Debtor's motivation in dismissing the case, and resulting prejudice to creditors, as follows:

Debtor's Motivation

| Factor | Discussion |
|---|---|
|  |  |
| Debtor best interests | Debtor would prefer dismissal. Dismissal appears to be in his best interests. Debtor would not have to pay trustee fees from the equity in the rental property. The Trustee sought turnover of Debtor's personal residence, which appears unnecessary to satisfy unsecured claims. |
| Pending discharge or dischargeability proceedings; pending exemption objection; pending proceedings to recover fraudulent or preferential transfers | The only such matter is the Trustee's objection to Debtor's claim of homestead exemption for 2307 and 2311 Tapia Blvd. Clearly, Debtor cannot claim a homestead exemption for 2307 Tapia, and is limited to $60,000 for his homestead exemption on 2311 Tapia. Debtor's claim of exemption on these two properties does not show bad faith, but does show that he did not understand what he was doing, and received poor advice from the bankruptcy petition preparer. |

| Pre-petition collection efforts | There were none. The proofs of claim indicate that Debtor was current on his pre-petition payments. |
|---|---|
| Pre-petition attempts to hide assets | There were no such attempts. |
| Other indications debtor is attempting to manipulate the court system | There are no such indications. Debtor moved promptly to dismiss after he understood that he might lose his house and the rental property. The bankruptcy filing was an honest mistake based on bad advice and Debtor's cognitive disabilities. |

These factors strongly favor dismissal. It is clearly in Debtor's best interest to dismiss this case. Debtor stands to lose his house and/or rental property[9] to pay off a relatively small amount of unsecured credit card debt. Moreover, Debtor's cognitive disabilities prevented him from understanding the nature and effect of filing his Chapter 7 petition.[10] Debtor received bad advice from friends, and then hired a bankruptcy petition preparer who Debtor mistakenly relied upon to give him legal advice. Debtor attended his § 341 meeting, cooperated with the Trustee, and promptly sought dismissal once he understood that his real property was in jeopardy. Debtor was current with his creditors when he filed bankruptcy, and there is no indication that he hid or transferred assets pre-petition. Debtor has no nondischargeable debts, and no one is seeking to deny his discharge.

Prejudice

| Factor | Discussion |
|---|---|
|  |  |
| Creditor best interests | Creditors may be better off if the case stays in bankruptcy. No creditors objected to dismissal, however, and it seems quite likely that any creditor exercising its state law collection rights would be paid in full. |

---

[9] It is not clear why the trustee sought turnover of Debtor's residence. The evidence indicates that the rental house has enough value to pay all creditors.

[10] The Court does not make a finding of incompetency under the current record. However, courts have found that a debtor's lack of mental capacity to file a bankruptcy petition may be cause to dismiss a case. *In re Anderson*, 373 B.R. 781 (Bankr. S.D. Ga. 2006).

|  | Depending on how the Debtor and his counsel choose to proceed, creditors could be paid sooner after dismissal than if the motion were denied. |
|---|---|
| Amount of delay in filing motion to dismiss | The motion to dismiss was filed less than two months after the petition date. There might be some delay in paying creditors, but it is hard to say, because the trustee would have to sell the rental house before paying creditors. The Debtor might be able to obtain a mortgage loan on the rental house and pay his creditors promptly upon dismissal. |
| Would assets become unavailable to creditors? | The source of creditor payment is Debtor's equity in his house and in the rental property, as well as the income from the rental. None of this would be lost to creditors if the case were dismissed. |
| Whether creditors or the trustee objected to dismissal | The Trustee objected to the motion to dismiss. Creditors did not. |
| Ability to pay debts outside of bankruptcy | The debtor can pay his debts outside of bankruptcy by borrowing money and pledging the rental house as collateral, or by entering into a monthly payment plan. |

The "prejudice" factors also favor dismissal, since creditors would suffer little or no prejudice if the case were dismissed. There was only a slight delay between the petition date and the date Debtor sought dismissal. If dismissed, none of Debtor's assets would be removed from the reach of creditors. The small number of credit card creditors are sophisticated lenders that can readily pursue their state court rights and remedies. They may be paid sooner than if the case remained in Chapter 7. None of the creditors objected to dismissal. Although the trustee objected, that is not enough to tip the balance against dismissal.

Balancing the interests of the parties and focusing on Debtor's motivation in dismissing this case and potential prejudice to creditors, the Court concludes that in this case the balance tips in favor of dismissal.

### III. CONCLUSION

Debtor carried his burden of showing cause to dismiss this bankruptcy case under § 707(a).

The motion to dismiss will be granted. The Court will enter a separate dismissal order.

                                                 Hon. David T. Thuma
                                                 United States Bankruptcy Judge

Entered: July 15, 2016

Copies to:

Bonnie Bassan
3800 Osuna Rd. NE, Ste. #2
Albuquerque, NM 87109

Peter Staiti
7400 Montgomery Blvd., Ste. 39
Albuquerque, NM 87195